# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-0366V
(not to be published)

| | |
|---|---|
| AMANULLAH AMAN,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: February 24, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Paralegal Tasks at Attorney Rates; Administrative Tasks |

*Jonathan Joseph Svitak*, Shannon Law Group, Woodbridge, IL, for Petitioner.

*Jennifer A. Shah*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On March 31, 2020, Amanullah Aman filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he received Tdap and influenza vaccinations on November 3, 2018, and suffered a shoulder injury related to vaccine administration as a result. Petition at 1. On November 2, 2022 a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 50.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated December 31, 2022 (ECF No. 55), requesting a total award of $33,181.18 (representing $32,031.70 in fees, and $1,149.48 in costs). In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id.* at 3. Respondent reacted to the motion on January 17, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 56. On January 18, 2023, Petitioner indicated that he did not intend to file a substantive reply. ECF No. 57.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

**ATTORNEY FEES**

A. <u>Hourly Rates</u>

Petitioner requests compensation for his attorney, Jonathan Svitak, at the following rates: $255.00 for time billed between 2019; $280 for time billed in 2020; $310 per hour for 2021; and $350 for time in 2022. ECF No. 55 - 2 at 1 - 29. The requested rates have been previously awarded for Mr. Svitak's work, and will be awarded in this matter as well.

B. <u>Paralegal Tasks at Attorney Rates</u>

Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

It appears counsel performed a number of paralegal tasks but seeks attorney rates for them. A few non-exhaustive examples of these entries include:

- March 31, 2020 (0.30 hrs) "Prepare Civil Cover Sheet for filing with Petition";

- May 4, 2020 (0.20 hrs) "Update exhibit list according to new sample filings from U.S. Court of Claims website";

- November 3, 2021 (0.20 hrs) "Prepare records received from Dr. Pae for filing, draft new exhibit list"; and

- December 30, 2022 (1.20 hrs) "Prepare itemization of costs for exhibit to fee petition, review all invoices and receipts to confirm no duplicates."

ECF No. 55 – 2 at 1, 17, 24, and 26.

Because the Program does not reimburse the performance of administrative tasks at attorney-rate levels, I shall reduce the rates for these tasks to the following: $163 per

hour for 2020, $172 per hour for 2021; and $177 per hour for 2022. These rates are comparable to what a paralegal would receive, and reduces the amount of fees to be awarded by **$444.60**.[3]

### C. Administrative Tasks

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 1.9 hours was billed on tasks considered administrative including, saving documents, paying invoices, and mailing documents.

Examples of these tasks include:

- January 7, 2021 (0.10 hrs) "Saved USCFC document Notice of Filing to Server";

- October 22, 2021 (0.10 hrs) "Complete fax cover sheet to Elmhurst Memorial Clinic to request medical records";

- July 6, 2022 (0.30 hrs) "Access payment portal for CIOX obo Ascension St. Joseph Chicago to remit payment for medical record request. Review email from provider containing receipt for payment. Download and save receipt to client file. Print copies of invoice and receipt for filing. Update payment tracking spreadsheet to record payment of invoice. Update Medical Privuder List to note payment of invoice."; and

- September 8, 2022 (0.50 hrs) "Update billing rates for Jon and Rhonda."

ECF No. 3, 5, 10, 18 and 22.

---

[3] This amount is calculated as follows: ($280 - $163 = $117 x 1.2 hrs = $140.40) + ($310 - $172 = $138 x 0.70 hrs = $96.60) + ($350 -$177 = $173 x 1.2 hrs = $207.60) = $444.60.

Because the Program does not reimburse such administrative tasks, I will further reduce the amount of fees to be awarded by **$246.50**.[4]

## ATTORNEY COSTS

Petitioner requests $1,149.48 in overall costs. ECF No. 55 at 2. This amount is comprised of obtaining medical recordsband the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable, and shall therefore award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby **GRANT IN PART** Petitioner's Motion for attorney's fees and costs. I award a total of **$32,490.08** (representing $31,340.60 in fees and $1,149.48 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Shannon Law Group, P.C. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] This amount is calculated as follows: ($163 x 0.30 hrs = $48.90) + ($172 x 0.80 = $137.60) + ($120 x 0.50 = $60) = $246.50.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.